UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE MYERS,<br><br>　　　　Petitioner<br><br>　v.<br><br>HOUSER-TERRA, *et al.*,<br><br>　　　　Respondents. | CIVIL ACTION NO. 3:25-CV-00484<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Michael Lee Myers has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. 1). Myers seeks review of a criminal conviction in the Court of Common Pleas of Wayne County. Upon preliminary consideration, the petition will be dismissed for lack of jurisdiction because Myers has not yet been sentenced. *See* Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

I.　**BACKGROUND AND PROCEDURAL HISTORY**

On January 13, 2025, in the Court of Common Pleas of Wayne County, a jury found Myers guilty on charges of indecent assault, disorderly conduct, and harassment. A review of the docket in that case indicates that Myers's sentencing is scheduled for May 29, 2025. *See Commonwealth v. Myers*, No. CP-64-CR-0000283-2024 (Ct. C. Pl. Wayne Cnty.).[1] Myers filed

---

[1] Myers attaches a document from an appeal in a different case, in which he apparently seeks to challenge a 1994 conviction in the Court of Common Pleas of Lancaster County. *See* (Doc. 7 at 4). However, Myers does not challenge that conviction in this petition, and even if he had intended to, the Court could not consider his challenge because the appeal is ongoing. *See Commonwealth v. Myers*, No. 213 MDA 2025 (Pa. Super. Ct., filed Feb. 14, 2025)).

the instant petition in the Eastern District of Pennsylvania on March 10, 2025, but the court transferred it to this district because he was convicted in Wayne County. *See* (Doc. 3).

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 2254 provides that the Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). For purposes of Section 2254, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007). Moreover, the Court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017).

In this case, because Myers has not yet been sentenced, the Court lacks jurisdiction to adjudicate his Section 2254 petition.[2] Further, because the case is ongoing, he has not

---

[2] *See, e.g.*, *Sandusky v. Hainsworth*, No. 3:22-CV-00500, 2022 WL 1280984, at *2 (M.D. Pa. Apr. 7, 2022), report and recommendation overruled in part on other grounds, 2022 WL 1275643 (M.D. Pa. Apr. 28, 2022); *Baldwin v. Pennsylvania*, No. 1:19-CV-1610, 2019 WL

*(footnote continued on next page)*

exhausted available state court remedies. *See, e.g., Browning v. Pennsylvania*, No. 1:21-CV-1295, 2021 WL 5083587, at *1-2 (M.D. Pa. Nov. 2, 2021). Accordingly, the Court will dismiss the petition without prejudice to any renewed petition following proper exhaustion.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, there is no basis to issue a certificate of appealability.

### IV.  CONCLUSION

Based on the foregoing, the petition will be DISMISSED without prejudice. An appropriate Order follows.

Dated: May 14, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

5683405, at *1 (M.D. Pa. Nov. 1, 2019); *Hurlbert v. Commonwealth*, No. CIV.A. 13-140, 2013 WL 3724839, at *2 (W.D. Pa. July 16, 2013).